UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRIOTS WAY, LLC,<br>and EDWARD TUCCIO,<br>    Plaintiffs,<br><br>    -vs-<br><br>RUDY MARCONI, TOWN OF<br>RIDGEFIELD, and BETTY BROSIUS,<br>    Defendants. | :<br>:<br>:<br>:<br>:   Civil No. 3:06CV874 (PCD) (lead case)<br>:   Civil No. 3:06CV1302 (PCD)<br>:<br>:<br>:<br>: |

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

On June 6, 2006, Plaintiffs Patriots Way, LLC and Edward Tuccio brought an action (the "Patriots Way action") against Defendants Rudy Marconi and the Town of Ridgefield ("the Town") pursuant to 42 U.S.C. § 1983 alleging a violation of Plaintiffs' First Amendment rights. On August 17, 2006, Defendants Marconi and the Town filed a Motion to Dismiss the Patriots Way action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. No. 12]. On August 22, 2006, Plaintiff Tuccio filed another action against Defendants Marconi and the Town as well as against Defendant Betty Brosius, alleging violations of Plaintiff Tuccio's rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment (the "Brosius action"). On October 19, 2006, Defendants Brosius, Marconi, and the Town filed a Motion to Dismiss the Brosius action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. No. 34]. On January 3, 2007, the Patriots Way action and the Brosius action were consolidated. For the reasons stated herein, Defendants' motion to dismiss the claims raised in the Patriots Way action [Doc. No. 12] is **granted**, and Defendants' motion to dismiss the claims raised in the Brosius action [Doc. No. 32] is **granted in part** and **denied in part.**

I.  **BACKGROUND**

   A.  **The Patriots Way Action**

Plaintiff Edward Tuccio is an owner of Patriots Way, LLC, a Connecticut limited liability company whose principal place of business is in Ridgefield, Connecticut. (Patriots Way Compl. ¶ 3.) During the summer of 2005, Patriots Way obtained the right to acquire land in the Town of Ridgefield for the purpose of developing and constructing a group of age-restricted residences. (Id. ¶ 7.) Plaintiffs allege that in August, 2005, Defendant Marconi, a member of the Town's Board of Selectmen (the "Board"), made an agreement with them to support their plan to construct a group of 30 age-restricted homes on the acquired property. As part of the agreement, Plaintiffs agreed to tie the development into the municipal sewer system, to construct a parking lot for the Town's recreation center, and to furnish a traffic light at the entrance to the recreation center, all at their own expense. (Id. ¶ 8.)

Plaintiffs were scheduled to present their development proposal at a Board meeting on October 5, 2005, but the Defendants cancelled this meeting. Plaintiffs maintain that the Defendants cancelled after discovering that Plaintiff Tuccio had filed a lawsuit (unrelated to this matter) in September, 2005, against a Town of Ridgefield police officer. On October 4, 2005, Defendants' counsel phoned Patriots Way's counsel to discuss the development proposal and stated that he heard that "'a Tuccio is suing the Town.'" (Patriots Way Compl. ¶ 13.) He further stated that it "'might be in everyone's interest to postpone the matter.'" (Id.)

Plaintiffs' representative ultimately presented the development proposal to the Board of Selectmen in November, 2005. (Defs.' Mot. to Dismiss the Patriots Way Compl. 3, Ex. B.) After discussing Plaintiffs' proposal again at a meeting in February, 2006, the Board

unanimously voted in May, 2006, to reject the proposal. (Id. at 3, Ex. C; Patriots Way Compl. ¶ 17.) On June 5, 2006, Plaintiffs brought a claim pursuant to 42 U.S.C. § 1983 against Defendants Marconi and the Town of Ridgefield, Patriots Way v. Marconi, Case No. 3:06-CV-0874 (PCD), alleging that their denial of Plaintiffs' application violated Plaintiffs' First Amendment right to access the courts. (Patriots Way Compl. ¶¶ 18,19.)

### B. The Brosius Action

After filing his initial lawsuit against Marconi and the Town, Plaintiff Tuccio on several occasions requested meetings with Defendant Marconi and Defendant Betty Brosius, the Town's Director of Planning and Zoning, concerning his other real estate in Ridgefield. (Brosius Compl. ¶8.) Marconi and Brosius both maintain an "open door" policy for the residents of the Town of Ridgefield and regularly meet with residents to discuss matters concerning town government. (Id. ¶ 9.) Whenever Plaintiff Tuccio requested a meeting with either Marconi or Brosius in the summer of 2006, each refused to arrange a meeting because of his pending suit against the Town. (Id. ¶ 10.) On August 17, 2006, Defendants' counsel wrote a letter to Plaintiff Tuccio informing him that Marconi and Brosius would not meet with him during the pendency of the lawsuit and directing him to limit all communications with them to written ones. (Id. ¶ 11.) He also threatened to have Plaintiff Tuccio arrested and prosecuted if he should further attempt to meet with Marconi or Brosius. (Id.)

On August 22, 2006, Plaintiff Tuccio filed a complaint against Brosius, Marconi, and the Town, alleging that they treated him differently from other residents of the Town solely because of his exercise of his First Amendment right of access to the courts, thereby violating the Plaintiff's rights under the First and Fourteenth Amendments. (Brosius Compl. ¶ 12.)

## II. STANDARD OF REVIEW

### A. Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. FED. R. CIV. P. 12(b)(1). Plaintiff, as the party asserting subject matter jurisdiction, has the burden of establishing by a preponderance of the evidence that it exists, Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996), and the Court should not draw argumentative inferences in his favor. Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992). The Court must "look to the substance of the allegations to determine jurisdiction." Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1019 (2d Cir. 1993). Unlike with a Rule 12(b)(6) motion, a court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction may refer to evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000). When a party moves to dismiss pursuant to Rule 12(b)(1) in addition to other bases, "the Court should consider the Rule (12)(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Ala. Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

### B. Failure to State a Claim pursuant to Rule 12(b)(6)

The function of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is "merely to assess the legal feasibility of a complaint, not to

assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 776 (2d Cir. 1984) (citation omitted). Courts should not grant a Rule 12(b)(6) motion to dismiss merely because recovery seems unlikely or remote, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (following the "accepted rule" that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In deciding Defendants' motion to dismiss for failure to state a claim, the Court accepts as true the material facts alleged in the complaints, draws all reasonable inferences in Plaintiffs' favor, Feiner v. S & C Technologies, 11 F. Supp. 2d 2-4, 206-207 (D. Conn. 1998), and decides the motion on the complaints alone, excluding additional evidence, affidavits, exhibits and factual allegations contained in legal briefs or memoranda. Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). A complaint should be dismissed for failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co., Inc., 936 F.2d 759, 762 (2d Cir. 1991).

### III. DISCUSSION

#### A. Lack of Subject Matter Jurisdiction

Defendants move to dismiss Plaintiff Tuccio's claims in the Brosius action for lack of subject matter jurisdiction. Defendants argue that Plaintiff's claims are not ripe for adjudication because no final decision has been reached on an application presented by Plaintiff to the

appropriate municipal authority. (Defs.' Mot. to Dismiss Brosius Action 8.) According to Defendants, Plaintiffs did not even file an application with either the Town Planning and Zoning Board, which regulates zoning within the Town, or the Water Pollution Control Authority, which controls the Town's sewer systems and processes requests for extension of sewer service, let alone receive a final decision which may be reviewed by this Court. (Id. 5, Ex. D §§ 4-11.)

Claims brought pursuant to 42 U.S.C. §1983, including First Amendment claims, do not generally require exhaustion of state remedies, Patsy v. Florida Bd. of Regents, 457 U.S. 496, 516 (1982), but a deprivation of property rights claim brought under § 1983 must satisfy a ripeness test. See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985); Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir. 2002). A deprivation of property rights claim is not ripe for district court review unless the zoning commissioner, or the relevant public agency overseeing land use and development issues, has made a final, reviewable decision. Williamson County, 473 U.S. at 193-94.

Plaintiff Tuccio, however, does not claim a violation of the Fourteenth Amendment's procedural due process guarantee or a deprivation of his property rights. Rather, Tuccio alleges that Defendants violated his First Amendment rights, regardless whether a final decision was made by the Town's Planning and Zoning Board. Where a plaintiff's First Amendment claim of retaliation is based upon an immediate injury, the Williamson County ripeness test does not apply. Dougherty, 282 F.3d at 90. Here, Plaintiff alleges that he immediately suffered economic injury as a result of Defendants' actions, and therefore he need not have appealed this issue through the Town zoning agencies before bringing suit in this court. Accordingly, the Court has subject matter jurisdiction over Tuccio's claims in the Brosius action, and Defendants' motion to

dismiss the Brosius complaint on this basis is denied.

**B.     Failure to State a Claim Upon Which Relief May be Granted**

Defendants also move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss both complaints in their entirety for failure to state claims on which relief may be granted. In general, a § 1983 claim will lie "where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws." Friedl, 210 F.3d at 86 (2d Cir. 2000). To state such a claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law. Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997). An official acts under color of state law for § 1983 purposes "when the official exercises a power 'possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law.'" Colombo v. O'Connell, 310 F.3d 115, 118 (2d Cir. 2002) (quoting Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 2002)).

  *1.     Denial of Access to the Courts*

Defendants argue that Plaintiffs have failed to sufficiently allege their denial of access to the courts. (Defs.' Mot. to Dismiss the Patriots Way Compl. 16.) "All persons have a constitutional right of access to the courts." Lewis v. Casey, 518 U.S. 343, 350 (1996). This constitutional right is violated when government officials obstruct legitimate efforts to seek judicial redress. Whalen v. County of Fulton, 126 F.3d 400, 406 (2d Cir. 1997); Galazo v. City of Waterbury, 303 F. Supp. 2d 213, 219 (D. Conn. 2004). In order to prove a violation of the right to access to the courts, Plaintiffs must demonstrate that "state action hindered [their] efforts to pursue a non-frivolous legal claim and that consequently [they] suffered some actual concrete

injury." Torres v. Viscomi, No. 3:03-CV-796 (SRU), 2006 WL 2728628, at * 3 (D. Conn. Sept. 25, 2006) (citing Lewis, 518 U.S. at 351). In particular, Plaintiffs must demonstrate that Defendant caused "actual injury," that is, they took or were responsible for actions that hindered Plaintiffs' efforts to pursue a legal claim, prejudiced one of Plaintiffs' existing actions, or otherwise actually interfered with their access to the courts. Monsky, 127 F.3d at 247. A delay in one's ability to work on his legal action or communicate with the courts does not rise to the level of a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

The Patriots Way Complaint fails to properly allege that Defendants violated Plaintiffs' rights to access the courts or that Plaintiffs suffered actual concrete injury. Plaintiffs do not allege that they were prevented from pursuing any legal claim or that Defendants interfered with or otherwise impacted Plaintiff Tuccio's pending litigation against a Town police officer. Other than a cursory statement referencing Plaintiffs' right to access the courts, the Patriots Way Complaint is devoid of any allegation relating to Plaintiffs' attempts to pursue an existing legal claim or initiate a new one. Plaintiffs therefore fail to state a claim of denial of access to the courts, and Defendants' motion to dismiss the Patriots Way Complaint is granted.

### 2. *Equal Protection Claim*

In the Brosius Complaint, Plaintiff Tuccio alleges that by refusing to meet with him after he filed the Patriots Way Action, Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Defendants move to dismiss this claim pursuant to Rule 12(b)(6) on the grounds that Plaintiff fails to allege that he was treated differently from others similarly situated. Tuccio's Equal Protection claim is premised on a "class of one" theory of recovery, as he does not claim to be a member of a protected group. Village of Willowbrook v.

Olech, 528 U.S. 562, 564 (2000). An equal protection claim may be "brought by a 'class of one' where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. At the pleading stage, a plaintiff alleging a "class of one" violation need not identify actual instances where others have been treated differently; "it is sufficient to make the more general allegation that similarly-situated people have been treated differently." Cohn v. New Paltz Cent. Sch. Dist., 171 Fed.Appx. 877, 879 (2d Cir. 2006); see also DeMuria v. Hawkes, 328 F.3d 704, 707 (2d Cir. 2003).

Plaintiff Tuccio has failed to state an equal protection claim. According to the Brosius Complaint, Defendants Brosius and Marconi maintain an "open door" policy and practice for all residents of the Town of Ridgefield and "meet routinely and as a matter of course with residents who have issues or concerns involving town government." (Brosius Compl. ¶ 9.) Tuccio alleges that by denying his requests for private meetings with Brosius and Marconi during the summer of 2006, Defendants treated Tuccio differently than "all other residents of the municipality." (Id. ¶ 12.) Such allegations do not state that Tuccio was treated differently than others "similarly situated." By alluding only to "all other residents" of the Town, Tuccio does not allege that he was treated differently than those "similarly situated," i.e. than those residents who are also involved in pending litigation against the Town or a Town official. See, e.g., Scruggs v. Meriden Bd. of Educ., No. 3:03CV2224 (PCD), 2006 WL 2715388, at *4 (D. Conn. Sept. 22, 2006) (no equal protection violation established where Plaintiff failed to allege her learning disabled son was treated differently from other learning disabled students who were also harassed by classmates); Al-Cantara v. N.Y. State Div. of Housing & Cmty. Renewal, No. 06 Civ. 3335

KMW, 2007 WL 766123, at *3 (S.D.N.Y. March 12, 2007) (dismissing Olech claim in the landlord-tenant context where Plaintiff failed to allege he was treated differently from other tenants pursuing complaints against their landlords); cf. Cohn v. New Paltz, 171 Fed. Appx. at 879 (complaint stated an Olech claim where it alleged that student was punished differently than two other students engaged in similar misconduct). The Brosius Complaint therefore lacks an essential element of a "class of one" claim.

Plaintiff Tuccio also fails to allege that no rational basis existed for Brosius's and Marconi's treatment of him. Tuccio alleges that he was denied the opportunity to meet with Brosius and Marconi during the summer of 2006 "solely and expressly because of his [Patriots Way] lawsuit." (Brosius Compl. ¶ 10.) This allegation does not amount to an allegation that Brosius's or Marconi's treatment of him was irrational or arbitrary as required of a class of one equal protection claim. See Olech, 528 U.S. at 565. If anything, Plaintiff's allegation implies the opposite, that Brosius and Marconi each had rational reasons to avoid ex parte communications with him during the pendency of his lawsuit against Marconi and the Town. Plaintiff also alleges that Defendants' treatment of him was "because of [his] exercise of his First Amendment rights to access to the courts." (Brosius Compl. ¶ 12.) Although Defendants' actions may be, as Tuccio alleges (see Section III.B.3 below), unlawful in that they constitute impermissible retaliation for his exercise of his constitutional rights, they are by no means irrational nor arbitrary. Accordingly, Plaintiff has failed to establish that he was treated differently by Defendants without a rational basis for doing so, and Defendants' motion to dismiss Plaintiff Tuccio's equal protection claim is granted.

### 3.  *First Amendment Retaliation Claim*

In the Brosius Complaint, Plaintiff Tuccio alleges that in retaliation for his having filed the Patriots Way action, the Defendants impeded the efforts of his company to obtain the necessary authorization to construct a housing development, thereby violating his rights under the First Amendment. (Brosius Compl. ¶¶ 7-11.) Defendants do not clearly move to dismiss Tuccio's retaliation claim (see Defs.' Mem. in Supp. of Mot. to Dismiss Brosius Compl.), although they argue in their reply brief that Plaintiff failed to establish that Defendants denied any of his protected constitutional rights by refusing to meet with him during the summer of 2006. (See Defs.' Reply at 6.) To clear the record, the Court addresses the First Amendment claim raised in the Brosius action and finds that, even if Defendants had properly briefed the issue in their motion to dismiss, Tuccio's First Amendment claim will not be dismissed at this stage in the litigation.

To establish a First Amendment retaliation claim brought pursuant to § 1983, Plaintiff must show that (1) his conduct was protected by the First Amendment and (2) such conduct prompted or substantially caused Defendants' action. Dougherty, 282 F.3d at 91. The First Amendment protects the right to complain to public officials and to seek administrative and judicial relief from their actions. Id.; Franco v. Kelly, 854 F.2d 584, 489 (2d Cir. 1988). See also United Mine Workers v. Illinois State Bar Ass'n, 389 U.S. 217, 222 (1967) (the right to petition government for redress of grievances is "among the most precious of the liberties safeguarded by the Bill of Rights" and is "intimately connected ... with the other First Amendment rights of free speech and free press"). Here, Tuccio's filing and continued prosecution of the Patriots Way action is conduct protected by the First Amendment, and Tuccio therefore retains the right to access Town officials through formal channels of communication

and administrative procedures. Had Tuccio alleged that he was denied access to a public meeting or that he was otherwise impeded from participating in or accessing the Town administrative procedures for zoning and development projects, there would be no question that he properly stated a constitutional violation. See, e.g., Musso v. Hourigan, 836 F.2d 736 (2d Cir. 1988) (ejection from a public Town meeting may violate the First Amendment). However, while the First Amendment broadly protects the right to petition government officials, it is not clear that there exists a constitutional guarantee to conduct private meetings with public officials pursuant to Defendants' "open door policy." Nevertheless, at this stage in the proceedings, reading the Complaint in the light most favorable to the plaintiff, the Court concludes that Tuccio has sufficiently pled a First Amendment retaliation claim so as to proceed to discovery.

### C. Qualified Immunity

Defendants also move to dismiss all claims against Marconi and Brosius on the basis that they are entitled to qualified immunity. A public official is entitled to qualified immunity if his actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known" or "if it was 'objectively reasonable' for the [public official] to believe that his actions were lawful at the time of the challenged act." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 191 (2d Cir. 2006) (quoting McClellan v. Smith, 439 F.3d 137, 147 (2d Cir. 2006)).

Qualified immunity is an affirmative defense that generally cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir. 1983). A court may dismiss a claim on the basis of an affirmative defense only if the facts supporting the defense appear on the face of the complaint

and it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). The plaintiff is entitled to "all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." Id. at 436.

Tuccio has established a prima facie First Amendment claim, and it does not appear beyond doubt that he can prove no facts in support of his claim. The Court cannot conclude on the face of the Brosius Complaint that it was objectively reasonable for Brosius and Marconi to believe that their actions during the summer of 2006 were lawful. The Brosius Complaint alleges that Brosius and Marconi denied Tuccio access to private meetings with them "solely and expressly because of" Tuccio's pending litigation against Marconi and the Town. (Brosius Compl. ¶ 10.) The Court cannot conclude at this time that it was objectively reasonable for Brosius and Marconi to believe that by refusing to engage in any discussions at all with Tuccio, even those unrelated to his pending litigation, they did not violate Tuccio's right to petition public officials. Accordingly, Marconi and Brosius are not entitled at this stage in the proceedings to qualified immunity on Plaintiff Tuccio's retaliation claim.

## IV.  CONCLUSION

Defendants' motion to dismiss the Patriots Way Complaint [Doc. No. 12] is **granted**. Defendants' motion to dismiss the Brosius Complaint [Doc. No. 32] is **granted in part** and **denied in part.** Defendants Brosius and Marconi are not entitled to qualified immunity on Plaintiff Tuccio's First Amendment retaliation claim. Accordingly, all that remains pending in these consolidated matters is Tuccio's retaliation claim against Defendants Brosius, Marconi, and the Town.

SO ORDERED.

Dated at New Haven, Connecticut, this  30th  day of March, 2007.

                                                          /s/
                                      Peter C. Dorsey, U.S. District Judge
                                      United States District Court